UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

___FELICIA       HARPER_____

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

___YORK   HOME   CARE_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. Typically, the company or organization named in your charge to the Equal Employment Opportunity Commission should be named as a defendant. Addresses should not be included here.)*

**10 CIV. 5513**

**COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION**

Jury Trial: ☑ Yes  ☐ No
*(check one)*

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

☑ ____ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
   **NOTE:** *In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

____ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
   **NOTE:** *In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.*

____ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
   **NOTE:** *In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

☑ ____ New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic chacteristics, marital status).

☑ ____ New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status).

*Rev. 05/2010*                                1

RECEIVED
JUL 18 2010
PRO SE

I.   **Parties in this complaint:**

A.   List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff   Name __FELICIA HARPER__
Street Address __101-20 94th Street__
County, City __Ozone Park, Queens__
State & Zip Code __New York, 11416__
Telephone Number __347-952-6402__

B.   List all defendants' names and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant   Name __York Home Care__
Street Address __112-14 Corona Avenue__
County, City __Queens__
State & Zip Code __New York, 11368__
Telephone Number __718-699-4100__

C.   The address at which I sought employment or was employed by the defendant(s) is:

Employer __York Home Care__
Street Address __112-14 Corona Avenue__
County, City __Queens__
State & Zip Code __New York, 11368__
Telephone Number __718-699-4100__

II.   **Statement of Claim:**

State as briefly as possible the facts of your case, including relevant dates and events. Describe how you were discriminated against. If you are pursuing claims under other federal or state statutes, you should include facts to support those claims. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.   The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

_____   Failure to hire me.

__✓__   Termination of my employment.

_____   Failure to promote me.

_____   Failure to accommodate my disability.

_____   Unequal terms and conditions of my employment.

✓ _____   Retaliation.

✓ _____   Other acts (specify): See attached (Exhibit A)

Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.

B. It is my best recollection that the alleged discriminatory acts occurred on: August 11, 2009
   _Date(s)_

C. I believe that defendant(s) (check one):

   ✓ _____  is still committing these acts against me.

   _____   is not still committing these acts against me.

D. Defendant(s) discriminated against me based on my (check only those that apply and explain):

   ✓ race  Black                    ✓ color  Brown

   ☐ gender/sex _____               ✓ religion  Anglican

   ✓ national origin  Barbadian

   ☐ age.  My date of birth is _____ (Give your date of birth only if you are asserting a claim of age discrimination.)

   ☐ disability or perceived disability, _____ (specify)

E. The facts of my case are as follow (attach additional sheets as necessary):

I worked for York Home Care from 6/24/89 to 8/11/2009. Through-out my years working for madison York especially after the death of the CEO Benay Phillip I endured being discriminated against in many ways. I was never given a written warning concerning my job performance or tasks. On 8/11/2009, I was called to the main office and given a letter (see attached) and told due to changes my position was no longer available. See

Note: As additional support for the facts of your claim, you may attach to this complaint a copy of attached your charge filed with the Equal Employment Opportunity Commission, the New York State Exhibit Division of Human Rights or the New York City Commission on Human Rights. B

III. **Exhaustion of Federal Administrative Remedies**:

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: January 20, 2010 (Date).

B.     The Equal Employment Opportunity Commission *(check one)*:

        _____ has not issued a Notice of Right to Sue letter.
        __✓__ issued a Notice of Right to Sue letter, which I received on __May 1, 2010__ *(Date)*.

    *Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.     Only litigants alleging age discrimination must answer this Question.

    Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

        _____ 60 days or more have elapsed.
        _____ less than 60 days have elapsed.

## IV. Relief:

WHEREFORE, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: __I am requesting payment for all hours over-time worked, reinstatement of my job, compensation for loss of wages and punitive damages for pain, suffering, humiliation and embarrassment__
*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this __16__ day of __July__, 20__10__

       Signature of Plaintiff   [signature]
       Address   __101-20 94th Street__
                            __Ozone Park, NY 11416__

       Telephone Number   __347-952-6402__
       Fax Number *(if you have one)*

**Exhibit A**

During my employment with York Home Care ("Respondent"), I was subjected to various forms of discrimination.

Frequently, I was referred to as "girl," by other employees.

I was often told to wear dresses that hung below my knees by Deana Sollito (an Administrator), because I worked for a Jewish firm.

I was told by Zina Berman that I was "not really black like the black Americans because [I am] from Barbados."

I was asked by co-workers "why my hair was not so curly and if I had white hair in my family."

I was called "n——r," and was ignored by an employee whom I was training. When I asked how I was supposed to train him if he would not speak to me, Respondent took no action.

I was told that per Respondent's policy, I was not permitted to play the radio, but other employees were allowed to do so.

During the last 7-8 months of my employment, Masha would print out documentation about different jobs and schools. When I asked her why she was doing this, she told me that I could do better than working for Respondent.

---

I was not permitted to go to a former employee's funeral, but white employees were allowed.

Zina Berman threatened me with the loss of my job, saying "remember you not Jewish and you not fucking Russian."

Bella Ilyayeva (Director of Patient Services) told other employees that she "could not stand the two black girls" in the office.

Prior to my termination, I had never received a warning notice.

When Respondent made changes, white employees were given different positions and or titles, but were not terminated.

Although I was told that I was terminated because my position had been eliminated, a new employee was hired to my former position. At the same time as I, another African American employee was also terminated.

- I was not given Martin Luther King day holiday, yet other white management staff had this holiday.
- In 2006 due to staff shortage, I worked many hours over-time but was paid just regular salary not time and a half.
- I was on call 24 hours, but not given a beeper like other staff members, I used my personal phone.
- Two of my Supervisors would speak constantly in Russian while in the office I worked, in my presence.
- I was not given my three weeks vac due when I reached 8 years. I was told I had to reach 10 years, while other white staff received three weeks after only working 8 years.
- Myself and Sarita Tidball (another black co worker also terminated at the same time as I) was told by Deana Sollitto that we would have to give up our parking spots.
- I was told that I could not take lunch the same time as another black worker because one of us had to be in the building at all times. Yet white staff was able to take lunch together.
- Renovations were being done to the office and we were temporary moved next door and my desk and chair was placed directly in front of the staff bathroom.
- When I was hired, I had Saturday and Sunday off. Then after 7 years was told that I would have to work on Sunday. I told them that it was a religious holiday for me and yet it was denied.
- When I would request a certain holiday I was given a very difficult time and verbally reprimanded for wanted a Sunday.

I was not given 2 weeks severance pay as stated in my termination letter dated 8-11-09. It was only after filing my case with EEOC that I received the 2 weeks severance pay (see attached letter from YHC). Note I worked for this company for 10 years and they paid me 2 weeks severance pay.



# York Home Care

112-14 Corona Avenue
Corona, NY 11368
(718) 699-4100

*"Your Respect, Dignity and Human Growth Come First"*

April 9, 2010

Felicia Harper
101-20 94th Street
Ozone Park, NY 11416

Dear Felicia,

I received a copy of the Charge of Discrimination you filed with the New York State Division of Human Rights. On the complaint you charge that you did not receive two weeks severance pay that your termination letter authorized. A review of your pay record was conducted and it was determined that you had in fact, not received the two weeks of severance pay. The two weeks severance pay was issued on the April 9th, 2010 payday and was deposited into your bank account. The Check History Report for that paycheck is attached. I regret the delay in processing your severence pay, please accept my sincerest apologies on behalf of the company.

If you have any questions, you can contact me at 718-879-1421 or email at Paulo@yorkhc.com.

Sincerely,

Paul O. O'Brien
Director of Human Resources

**EXHIBIT B**

Since my termination at York Home care, another co-worker with my same title had moved to my position to complete necessary on goins tasks and train a new staff to work in my position.



# York Home Care

61-80 Woodhaven Boulevard
Rego Park, New York 11374
(718) 446-4300

August 11, 2009

Felicia Harper
101-20 94th Street
Ozone Park, NY 11416

Dear Ms. Harper:

As we have discussed earlier today, your employment with York Home Care will terminate effective immediately. You shall receive your salary up to your last day of service, August 11, 2009, subject to applicable deductions and withholdings. Your health insurance benefits will continue through August 31, 2009. Beyond that date, your rights to continue coverage under COBRA will be provided to you under separate cover. You will receive a check for your unused, accrued vacation. You will receive your final paycheck in the mail to the address on file.

Enclosed are your termination forms that certify that you have received all of your personal property; you do not have in your possession any property that belongs to the York Group; and that you will maintain the expected level of confidentiality. Once you have signed these documents you should return them to me by mail at 96-10 23rd Ave East Elmhurst, NY 11369 and you will be eligible to receive 2 weeks of severance pay. Your execution of these 2 documents should be witnessed, signed and dated by a second individual. The severance shall be made payable subject to applicable deductions and withholdings approximately fifteen (15) days following the return of all documents, providing the aforementioned documents are returned and executed within ten (10) business days.

From this point forward you are not permitted to return to Madison York ALC as well as Madison York Rego Park, Elm York Adult Home or the York Group's corporate headquarters located at 96-10 23rd Ave East Elmhurst, NY 11369. Additionally, you are no longer permitted to call or visit any of these facilities for any reason. However you may call me or Mr. Bienstock should you have further questions. We can be reached at (718) 879-1427. Should you have any personal belongings at the facility they will be boxed up and arrangements will be made to return them to you.

Should you have in your possession keys, ID, documents, data, lists, records, files, forms or other property belonging to any of the above facilities or York Home Care you must return them immediately.

Sincerely,

Bella Ilyayeva, RN
Director Resident Services

cc: Mark Bienstock

During my employment with York Home Care ("Respondent"), I was subjected to various forms of discrimination.

Frequently, I was referred to as "girl," by other employees.

I was often told to wear dresses that hung below my knees by Deana Sollito (an Administrator), because I worked for a Jewish firm.

I was told by Zina Berman that I was "not really black like the black Americans because [I am] from Barbados."

I was asked by co-workers "why my hair was not so curly and if I had white hair in my family."

I was called "n——r," and was ignored by an employee whom I was training. When I asked how I was supposed to train him if he would not speak to me, Respondent took no action.

I was told that per Respondent's policy, I was not permitted to play the radio, but other employees were allowed to do so.

During the last 7-8 months of my employment, Masha would print out documentation about different jobs and schools. When I asked her why she was doing this, she told me that I could do better than working for Respondent.

I was not permitted to go to a former employee's funeral, but white employees were allowed.

Zina Berman threatened me with the loss of my job, saying "remember you not Jewish and you not fucking Russian."

Bella Ilyayeva (Director of Patient Services) told other employees that she "could not stand the two black girls" in the office.

Prior to my termination, I had never received a warning notice.

When Respondent made changes, white employees were given different positions and or titles, but were not terminated.

Although I was told that I was terminated because my position had been eliminated, a new employee was hired to my former position. At the same time as I, another African American employee was also terminated.

I was not given Martin Luther King day holiday, yet other white management staff had this holiday.

In 2006 due to staff shortage, I worked many hours over-time but was paid just regular salary not time and a half.

I was on call 24 hours, but not given a beeper like other staff members, I used my personal phone.

Two of my Supervisors would speak constantly in Russian while in the office I worked, in my presence.

I was not given my three weeks vac due when I reached 8 years. I was told I had to reach 10 years, while other white staff received three weeks after only working 8 years.

Myself and Sarita Tidball(another black co worker also terminated at the same time as I) was told by Deana Sollitto that we would have to give up our parking spots.

I was told that I could not take lunch the same time as another black worker because one of us had to be in the building at all times. Yet white staff was able to take lunch together.

Renovations were being done to the office and we were temporary moved next door and my desk and chair was placed directly in front of the staff bathroom.

When I was hired, I had Saturday and Sunday off. Then after 7 years was told that I would have to work on Sunday. I told them that it was a religious holiday for me and yet it was denied.

When I would request a certain holiday I was given a very difficult time and verbally reprimanded for wanted a Sunday.

I was not given 2 weeks severance pay as stated in my termination letter dated 8-11-09. It was only after filing my case with EEOC that I received the 2 weeks severance pay (see attached letter from YHC). Note I worked for this company for 10 years and they paid me 2 weeks severance pay.

Case 1:10-cv-05513-NRB  Document 2  Filed 07/19/10  Page 9 of 11

**Exhibit B**

During my employment with York Home Care ("Respondent"), I was subjected to various forms of discrimination.

Frequently, I was referred to as "girl," by other employees.

I was often told to wear dresses that hung below my knees by Deana Sollito (an Administrator), because I worked for a Jewish firm.

I was told by Zina Berman that I was "not really black like the black Americans because [I am] from Barbados."

I was asked by co-workers "why my hair was not so curly and if I had white hair in my family."

I was called "n——r," and was ignored by an employee whom I was training. When I asked how I was supposed to train him if he would not speak to me, Respondent took no action.

I was told that per Respondent's policy, I was not permitted to play the radio, but other employees were allowed to do so.

During the last 7-8 months of my employment, Masha would print out documentation about different jobs and schools. When I asked her why she was doing this, she told me that I could do better than working for Respondent.

I was not permitted to go to a former employee's funeral, but white employees were allowed.

Zina Berman threatened me with the loss of my job, saying "remember you not Jewish and you not fucking Russian."

Bella Ilyayeva (Director of Patient Services) told other employees that she "could not stand the two black girls" in the office.

Prior to my termination, I had never received a warning notice.

When Respondent made changes, white employees were given different positions and or titles, but were not terminated.

Although I was told that I was terminated because my position had been eliminated, a new employee was hired to my former position. At the same time as I, another African American employee was also terminated.

- I was not given Martin Luther King day holiday, yet other white management staff had this holiday.
- In 2006 due to staff shortage, I worked many hours over-time but was paid just regular salary not time and a half.
- I was on call 24 hours, but not given a beeper like other staff members, I used my personal phone.
- Two of my Supervisors would speak constantly in Russian while in the office I worked, in my presence.
- I was not given my three weeks vac due when I reached 8 years. I was told I had to reach 10 years, while other white staff received three weeks after only working 8 years.
- Myself and Sarita Tidball (another black co worker also terminated at the same time as I) was told by Deana Sollitto that we would have to give up our parking spots.
- I was told that I could not take lunch the same time as another black worker because one of us had to be in the building at all times. Yet white staff was able to take lunch together.
- Renovations were being done to the office and we were temporary moved next door and my desk and chair was placed directly in front of the staff bathroom.
- When I was hired, I had Saturday and Sunday off. Then after 7 years was told that I would have to work on Sunday. I told them that it was a religious holiday for me and yet it was denied.
- When I would request a certain holiday I was given a very difficult time and verbally reprimanded for wanted a Sunday.

I was not given 2 weeks severance pay as stated in my termination letter dated 8-11-09. It was only after filing my case with EEOC that I received the 2 weeks severance pay (see attached letter from YHC). Note I worked for this company for 10 years and they paid me 2 weeks severance pay.

**Exhibit B**

During my employment with York Home Care ("Respondent"), I was subjected to various forms of discrimination.

Frequently, I was referred to as "girl," by other employees.

I was often told to wear dresses that hung below my knees by Deana Sollito (an Administrator), because I worked for a Jewish firm.

I was told by Zina Berman that I was "not really black like the black Americans because [I am] from Barbados."

I was asked by co-workers "why my hair was not so curly and if I had white hair in my family."

I was called "n——r," and was ignored by an employee whom I was training. When I asked how I was supposed to train him if he would not speak to me, Respondent took no action.

I was told that per Respondent's policy, I was not permitted to play the radio, but other employees were allowed to do so.

During the last 7-8 months of my employment, Masha would print out documentation about different jobs and schools. When I asked her why she was doing this, she told me that I could do better than working for Respondent.

I was not permitted to go to a former employee's funeral, but white employees were allowed.

Zina Berman threatened me with the loss of my job, saying "remember you not Jewish and you not fucking Russian."

Bella Ilyayeva (Director of Patient Services) told other employees that she "could not stand the two black girls" in the office.

Prior to my termination, I had never received a warning notice.

When Respondent made changes, white employees were given different positions and or titles, but were not terminated.

Although I was told that I was terminated because my position had been eliminated, a new employee was hired to my former position. At the same time as I, another African American employee was also terminated.

- I was not given Martin Luther King day holiday, yet other white management staff had this holiday.
- In 2006 due to staff shortage, I worked many hours over-time but was paid just regular salary not time and a half.
- I was on call 24 hours, but not given a beeper like other staff members, I used my personal phone.
- Two of my Supervisors would speak constantly in Russian while in the office I worked, in my presence.
- I was not given my three weeks vac due when I reached 8 years. I was told I had to reach 10 years, while other white staff received three weeks after only working 8 years.
- Myself and Sarita Tidball (another black co worker also terminated at the same time as I) was told by Deana Sollitto that we would have to give up our parking spots.
- I was told that I could not take lunch the same time as another black worker because one of us had to be in the building at all times. Yet white staff was able to take lunch together.
- Renovations were being done to the office and we were temporary moved next door and my desk and chair was placed directly in front of the staff bathroom.
- When I was hired, I had Saturday and Sunday off. Then after 7 years was told that I would have to work on Sunday. I told them that it was a religious holiday for me and yet it was denied.
- When I would request a certain holiday I was given a very difficult time and verbally reprimanded for wanted a Sunday.

I was not given 2 weeks severance pay as stated in my termination letter dated 8-11-09. It was only after filing my case with EEOC that I received the 2 weeks severance pay (see attached letter from YHC). Note I worked for this company for 10 years and they paid me 2 weeks severance pay.

EEOC Form 5-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Felicia F. Harper
101-20 94th St.
Ozone Park, NY 11416

From: New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2010-11391 | Katherine Greenfield, Investigator | (212) 336-3762 |

NOTICE TO THE PERSON AGGRIEVED:    (See also the additional information enclosed with this form.)

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)    _____    4/27/10
                    Spencer H. Lewis, Jr.,         (Date Mailed)
                    Director

cc:  Attn: Director,                    Aaron C. Schlesinger
     Human Resources                    Peckar & Abramson
     YORK HOME CARE                     70 Grand Ave.
     112-14 Corona Avenue               River Edge, NJ 07661
     Corona, NY 11368

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** -- not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*